PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN D. WARREN, | ) | |
| | ) | CASE NO. 1:17CV0189 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MARY POTTER, Warden, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 2] |

*Pro Se* Petitioner Marvin D. Warren has filed this action seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner is incarcerated in an Ohio penal institution, having been convicted in the Cuyahoga County, Ohio Court of Common Pleas of felonious assault and domestic violence. *State v. Warren*, No. CR-13-580087-A.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the district court must promptly examine a *habeas* petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

Upon review, the Court finds this Petition (ECF No. 1) must be summarily dismissed.

Before a court may grant *habeas* relief to a state prisoner, the prisoner must exhaust the remedies available in the state courts. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193,

(1:17CV0189)

1196 (6th Cir. 1995). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

Here, the Petition (ECF No. 1) indicates Petitioner raised the grounds he seeks to raise in his Petition on direct appeal to the Ohio Court of Appeals, *State v. Warren*, No. 101469, 2015 WL 759145 (Ohio App. 8th Dist. Feb. 19, 2015); however, he was denied a delayed appeal to the Ohio Supreme Court. *State v. Warren*, 145 Ohio St.3d 1442 (2016). The Petition (ECF No. 1) is silent as to the reason his motion for delayed appeal was denied, and the Court must assume the motion was denied because Petitioner failed to make the requisite showing of adequate reasons for the delay. See *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

Thus, Petitioner was procedurally barred from raising the grounds he seeks to raise in this Petition (ECF No. 1) in the Ohio state courts. See *id.* If a procedural bar in the state court exists, this Court will not consider the claims unless Petitioner establishes adequate cause to excuse the failure to raise the claims and actual prejudice to him. *Id.* at 497-98. No such showing is reasonably suggested by the Petition (ECF No. 1).

**Conclusion**

Accordingly, Petitioner's request to proceed *in forma pauperis* (ECF No. 2) is granted. For the reasons stated above, his petition is summarily dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and

(1:17CV0189)

that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

      IT IS SO ORDERED.

 February 28, 2017                                                     /s/ Benita Y. Pearson
Date                                                                Benita Y. Pearson
                                                                      United States District Judge